[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
The defendant has objected to the Bill of Costs filed by the plaintiff, basing the objection on the fact that prior to commencement of trial an offer of settlement had been made equal to the judgment.
Practice Book Section 342 provides that "the defendant may before any evidence is offered at the trial file with the clerk of the court a written notice signed by him or his attorney directed to the plaintiff or his attorney, offering to allow the plaintiff to take judgment for the sum named in such notice." Practice Book Section 343 provides that "(the plaintiff may, within ten days after being notified by the defendant of the filing of such offer, file with the clerk of the court a written acceptance of such offer . . . the court shall render judgment against the defendant as upon default for the sum so named and for the costs accrued at the time of the defendant's giving the plaintiff notice of such offer." Practice Book Section 344 provides that if the plaintiff does not accept the offer, "the plaintiff, unless he recovers more than the sum named in such offer, with interest from its date, shall recover no costs accruing after he received notice of the filing of such offer . . ."
Review of the file does not reveal compliance with Practice Book Section 342 in that no offer of judgment was filed with the clerk. Defendant's Exhibit #1 does reveal that in September, CT Page 2184 1989, several months prior to the commencement of this action, it was conceded that $700, the amount of the judgment, was due, but by no stretch of the imagination can such concession be regarded as a compliance with the Practice Book requirement. The printout bears a notation that on July 26, 1990 a judgment by stipulation was entered after trial. Review not only of the clerk's notes and my own memory but also of the court reporter's notes demonstrate that there was no stipulation but that I imposed judgment of $700 and no mention was made of costs. Accordingly, the objection to the Bill of Costs is without merit.
The objection, #108 in the file, is overruled.
J. HEALEY, STATE TRIAL REFEREE